MARVIN NEIMAN ★
THEODORE T. MAIRANZ ★

★MEMBER N.Y. AND N.J. BARS

HEALTH CARE DIVISION
ISAAC ZOLDAN, CPA°
MARK KERN, CPA°
°NON-ATTORNEY STAFF

# NEIMAN & MAIRANZ P.C.
ATTORNEYS AT LAW
39 BROADWAY
25TH FLOOR
NEW YORK, N.Y. 10006-3003

(212) 269-1000
FAX: (212) 635-9302•
www.ngmpc.com

1616 49TH STREET
BROOKLYN, N.Y. 11204
(718) 851-9000

520 WESTFIELD AVENUE
ELIZABETH, N.J. 07208
(908) 436-1666•
FAX: (908) 436-2766•

•NOT FOR SERVICE OF PAPERS

November 5, 2019

(Via PACER)

Hon. Vera M. Scanlon
United States District Court
  Eastern District of New York
225 Cadman Plaza East
Brooklyn New York 11201

Re:   *Massachusetts Mutual Life Insurance Company v. Brezel et al.*
        Case No.: 1:19-cv-01475-MKB-VMS

Dear Magistrate Judge Scanlon:

We represent defendant Samuel Brezel in the above referenced case brought by plaintiff Massachusetts Mutual Life Insurance Company ("MassMutual").

This letter is submitted jointly by all defendants in opposition to MassMutual's motion to Your Honor to compel discovery responses. MassMutual's motion to compel was brought even though a motion to stay discovery until Judge Brodie renders a decision on defendants' pending motions to dismiss, has been fully briefed and is pending before the District Court.

MassMutual's motion attempts to portray a nefarious plot by defendants, to unilaterally refuse to produce discovery responses, which is not the case at all. Defendants advised MassMutual a few days before discovery was due that in light of the pending motion to stay discovery, discovery responses would not be provided, with the assumption that, given typical courtesies[1] and the fact that no prejudice or harm would be caused to MassMutual thereby, discovery would be held off briefly and temporarily on consent, until the Court addressed the pending motion for a stay. There is nothing nefarious about defendants' conduct.[2] If anything, it is MassMutual's aggressive litigation strategy

---

[1] In fact, during the prior course of this case, courtesies have been extended to Plaintiff's counsel.

[2] In its motion to compel, MassMutual references four separate times that defendants' counsel "admitted" that they had no legal authority allowing them to "ignore" Your Honor's Order regarding discovery. This is both is disingenuous and outrageous. Where a motion to stay discovery is pending, in order to limit costs for all parties, which would be mooted as a result of going forward with discovery, as a matter of courtesy,

to force defendants to incur legal fees so as to pressure them to surrender their case, is what should be frowned upon. Defendants, with minimal means should be afforded an adequate opportunity to defend themselves from the onslaught of a Fortune 500 company that seeks to pummel them into submission, *not on the merits* of this case, but by *forcing them to incur legal fees unnecessarily,* in an effort to deplete their minimal resources and coerce them to "give up." Fairness should dictate that MassMutual's motion to compel be denied, and that Your Honor stays discovery temporarily, until the pending motion to stay discovery is decided by Judge Brodie.

MassMutual is a company with virtually endless resources. Conversely, defendant Samuel Brezel is a stroke victim who is disabled, defendant Rachel Brezel is his wife, and defendant Seerojini Ramjit, is his former housekeeper and caregiver. These are not individuals with substantial means.

From a phone call by Mr. Brezel to MassMutual in February 2019, which was recorded by it, MassMutual was informed by Mr. Brezel, that he relies on the benefits paid to him under the long-term care policy purchased from MassMutual to pay his family's living expenses. MassMutual has refused to make any payment to Mr. Brezel claiming, on March 14, 2019, the very day that this action was initiated, that, although Mr. Brezel qualified for benefits under the long-term care plan when he suffered a stroke approximately twelve years earlier, in 2007, which it verified throughout the intervening period (including by MassMutual's own doctors), he suddenly no longer qualified.[3] It appears that MassMutual cancelled/denied Mr. Brezel's benefits in bad faith, as part of its litigation strategy in order to cause him harm financially.

Now, knowing that Mr. Brezel is strained both financially and due to his documented and

---

and where no prejudice will be caused, it is the undersigned's experience that it is common for counsel for the parties to agree amongst themselves to temporarily hold off on discovery until the motion to stay is decided. Had defendants known that MassMutual would object to temporarily hold off on discovery while a motion to stay discovery was pending, they would have sought interim relief when the motion to stay was brought; either before Your Honor or the District Judge. However, here, it is clear that MassMutual is not concerned at all about fees and costs, since its litigation strategy is focused on forcing defendants to incur fees and deplete their minimal resources in order to pressure them to "surrender."

[3] For almost twelve years Mr. Brezel qualified for benefits under the long-term care policy because, due to a stroke, he was not able, to bathe, eat or toilet without substantial assistance and he was incontinent. His prognosis was supported by periodic reporting by his healthcare providers and by independent evaluations conducted by medical professionals selected by MassMutual. Suddenly, on the day this case was initiated, March 14, 2019, MassMutual cancelled/denied his claim based on a supposed "independent" revised medical evaluation (IME), by a doctor it paid for, who evaluated Mr. Brezel five months earlier, in October 2018, and qualified him at the time, now found he did not need any assistance. From the evidence it appears that MassMutual fed information about its allegations of fraud against Mr. Brezel to the doctor it hired to conduct the IME, in order to influence his opinion, and apparently pressured him to revise his earlier report, to support its position that Mr. Brezel did not need assistance eating. The initial report by that same doctor found that he did need such assistance. In turn, despite acknowledging that Mr. Brezel qualified for benefits for over a decade, MassMutual denied the claim based on the highly suspect revised IME report, which was apparently modified in order to support MassMutual's new position that Mr. Brezel did not qualify for benefits.

accepted disability, MassMutual's counsel brings this motion to compel, thus forcing Mr. Brezel and his co-defendants to incur legal fees addressing what should have been amicably resolved by counsel. It is typical in cases in which motions to dismiss *and* a motion to stay discovery are pending, for the parties to agree to temporarily hold off on discovery until the stay motion is addressed, particularly, where doing so would not prejudice any party. Here, MassMutual has not alleged that it will be prejudiced, in any way, if the parties temporarily and briefly hold off on discovery until the stay motion is decided. Indeed, MassMutual has refused to pay benefits to Mr. Brezel, therefore, there is no harm or prejudice that it could incur if the parties briefly wait until the motion to stay is decided. It is, therefore, apparent that MassMutual is bringing a motion to compel not because it is prejudiced and really needs the discovery, but rather because filing a motion necessitates a response by defendants, which causes the defendants to incur legal fees.

Moreover, during the Local Civil Rule 37.3 conference call in which defendants addressed MassMutual's manufactured and tactical discovery "issue," we noted that MassMutual's request for defendants to produce discovery while the fully briefed motion to stay discovery was pending would moot the motion to stay, a point which MassMutual's counsel wholly ignores. It is abundantly clear that MassMutual wants the pending motion to stay discovery to be mooted, and wants defendants to incur substantial legal fees in responding to their extensive discovery requests, in pursuit of a litigation strategy based not on the merits, but on depleting the defendants' limited financial resources.

Defendants' assertion that MassMutual's litigation strategy is based not on litigating the merits of this case but on attempting to burden defendants' financially, in order to pressure and coerce them to give up, is further supported by MassMutual's request for an award of attorney's fees. MassMutual asserts in its motion that attorney's fees should be granted under Fed. R. Civ. P. 37. However, under Fed. R. Civ. P. 37(d)(3), sanctions should not be ordered if "circumstances make an award of expenses unjust." Here, ordering defendants (a stroke victim, his wife, and former housekeeper/caretaker) to pay the attorney's fees of a Fortune 500 company is fundamentally unjust and unfair, particularly where defendants are attempting to litigate this case in good-faith on the merits, as is evidenced by the pending motions to dismiss, which set forth compelling reasons for dismissal of most of the claims. (The motions to dismiss do not seek dismissal of the breach of contract claim which was raised solely against Mr. Brezel).[4]

In addition, MassMutual's motion to compel sets forth that at the July 30, 2019 initial conference Your Honor denied defendants' "request" to stay discovery, and page 2 of the letter includes a copy-and-paste of some, but not all, of the back-and-forth regarding discovery. As a full copy of the transcript, which is attached, shows, at the initial conference the issue of a stay was raised and discussed very briefly (no "request" for a stay was ever made), at which point Your Honor stated that discovery would proceed, and that any request should made to the District Judge directly. *(See* enclosed Transcript pages 19-21.[5]) Importantly, the initial conference was held (a) before discovery requests were exchanged; (b) before motions to dismiss were made; and (c) pre-answer.

---

[4] To the extent the motions to dismiss are granted in whole or in-part, the remaining issues in this case will substantially limit the necessary scope of discovery.
[5] The original transcript misidentifies the speaker at certain points; therefore, the enclosed transcript includes handwritten corrections by defendants' counsel correctly identifying the speaker.

Therefore, we believe that Your Honor's general comments at the initial conference were not reflective of any conclusive position with respect to a stay of discovery, which Your Honor stated should be made to the District Judge, *and it was*.

Since the initial conference, motions to dismiss were filed, and a joint motion to stay discovery pending resolution of the dismissal motions was filed, is fully briefed and is pending before Judge Brodie. Therefore, the circumstances and posture of this case have changed substantially.

Furthermore, MassMutual has not alleged that it would be prejudiced or harmed in any way if discovery was temporarily stayed until the defendants' motion to stay discovery is addressed.[6] Insofar as a delay of discovery until determination of the motion for a stay would not harm or prejudice MassMutual, it is respectfully requested that Your Honor temporarily stay discovery. *See, e.g.*, *D.L. Cromwell Invs., Inc. v. NASD Regulation, Inc.*, 02 Civ. 3823 (LAK), 2002 U.S. Dist. LEXIS 11937, at *2 (S.D.N.Y. July 1, 2002) (Discovery stayed pending the determination of defendant's motion to stay discovery pending the determination of defendant's motion to dismiss the action, finding in-part that, "there is no present reason to suppose that a brief delay in discovery pending full submission and determination of the motion for a stay would harm the plaintiff.")

We thank the Court for its courtesy and attention to this matter.

                                            Respectfully,

                                            NEIMAN & MAIRANZ P.C.

                                            Marvin Neiman

MN:kl

cc:    Andrew P. Fishkin, Esq. (Via PACER)
        Samuel Karpel, Esq. (Via PACER)
        Jason J. Rebhun, Esq. (Via PACER)

---

[6] MassMutual asserts in its motion that Mr. Brezel "admitted most of defendants' fraudulent conduct in pre-litigation communications with MassMutual." While we do not agree that this is so, MassMutual believes it already possess admissions of the conduct alleged in the Complaint. Thus, there can then be no harm if the extensive discovery it seeks is temporarily stayed. Also, we wish to point out that given that discovery aimed at third-parties does not cause defendants to incur legal fees, defendants have not objected to MassMutual seeking extensive records from several third-parties through subpoena (however, defendants did object to the broad scope of certain subpoenas, which was resolved by agreement of the parties).